## IN THE UNITED STATES DISTRICT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-82459

| | |
|---|---|
| NERI B. BARNEA , <br><br> Plaintiff, <br><br> v. <br><br><br> ROBERT WILKIE, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, <br><br> Defendant. | Jury Trial Demand |

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Dr. Neri Barnea, Plaintiff, by and through undersigned counsel files this Complaint for Damages and Equitable Relief, and shows the Court as follows:

**I.   Preliminary Statement**

1. This action seeks actual damages, declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees for the gender discrimination, age discrimination, and reprisal suffered by Plaintiff, Neri Barnea ("Dr. Barnea") in his treatment by Defendant.

II.     **Jurisdiction**

2. This action is brought for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended and discrimination under Age Discrimination in Employment Act (ADEA). The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected class and activities.

3. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4. Dr. Barnea made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about November 16, 2018, and Dr. Barnea subsequently timely filed a formal complaint of discrimination on or about January 2, 2019. *See Formal Complaint attached, Ex. "A"*.

5. Dr. Barnea received the Decision on October 5, 2020. *See Decision attached, Ex. "B"*. Dr. Barnea was informed that he had a right to file

a civil action, within ninety (90) calendar days from the date he received the decision. He files this action timely.

### III. Venue

6. This action properly lies in the United States District Court for the Southern District of Florida, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. Parties

7. Dr. Barnea was a full-time Psychiatrist, GS 15 with the West Palm Beach VAMC, West Palm Beach, FL at all relevant times.

8. Dr. Barnea is a resident of Broward County, FL and is a citizen of the United States.

9. The Defendant is a federal government agency and has offices throughout the United States, including in West Palm Beach, FL. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

V.  **Facts**

10. Dr. Barnea was a Psychiatrist, Associate, Chief Mental Health Service at the West Palm Beach VA Hospital, in West Palm Beach FL.

11. Dr. Barnea has been an employee with VAMC since November 17, 2013.

12. Elsa Zayas, Chief of Mental Health & Behavioral Science, GS-15, was Dr. Barnea's direct supervisor for the relevant period.

13. On September 12, 2018, Elsa Zayas proposed that Dr. Barnea be terminated from the Agency.

14. On October 9, 2018, Dr. Barnea was terminated from the Agency by Donna Katen-Bahensky, Facility Director.

15. The Agency assets that Dr. Barnea was terminated for failure to cooperate during an investigation.

16. This basis for termination was factually false and is pretext for age discrimination, gender discrimination, and/or related protected activity.

17. The Agency asserts that Complainant was also terminated because he did not follow directions in the January 12, 2018

        memorandum even though under his leadership, the Agency passed the reaccreditation process.

18. This basis for termination was factually false and is pretext for age discrimination, gender discrimination, and/or related protected activity.

19. The Agency assets that Dr. Barnea was terminated for allegedly failing to follow an order to sign a document, but there was no such order.

20. This basis for termination was factually false and is pretext for age discrimination, gender discrimination, and/or related protected activity.

21. The Agency also asserts Dr. Barnea was terminated when he failed to have a position reannounced when Dr. Barnea had taken the necessary steps to re-announce the position.

22. This basis for termination was factually false and is pretext for age discrimination, gender discrimination, and/or related protected activity.

23. The Agency claims that Dr. Barnea was terminated for inappropriate conduct with another employee when the

investigation revealed this was not the case as Dr. Barnea filed a disciplinary action against the employee which was sustained, and the employee was admonished.

24. This basis for termination was factually false and is pretext for age discrimination, gender discrimination, and/or related protected activity.

25. The reasons stated for Dr. Barnea's termination were false and pretextual.

26. The termination of Dr. Barnea was unwarranted.

27. The termination occurred after Dr. Barnea engaged in protected activity.

28. The Agency put in plans to start the actions leading to Dr. Barneas termination shortly after the protected activity of him contacting an EEO counselor.

29. Dr. Zayas knew of the protected activity and said it "ruined her Christmas," but as part of her testimony under oath falsely claimed she did not know about the protected activity.

30. The decision to terminate Dr. Barnea's employment was caused by Dr. Barnea's gender, age, and/or protected activity and/or was tainted by same.

31. Defendant's actions damaged Dr. Barnea and his reputation.

32. Defendant is liable for its actions.

VI. **Count I: Violation of Title VII of the Civil Rights Act of 1964 based on Sex - Termination**

33. Dr. Barnea incorporates by reference paragraphs 1-24 of his complaint as if fully set forth herein.

34. Dr. Barnea is male and member of a protected class.

35. Dr. Barnea was qualified to perform his duties.

36. The proffered reasons for the termination were factually false and pretextual for unlawful discrimination and retaliation.

37. The termination occurred because of sex and/or was tainted by sex discrimination.

38. Defendant's actions constitute unlawful sex discrimination in violation of Title VII causing Dr. Barnea damages.

VII. **Count II: Violation of of Age Discrimination in Employment Act (ADEA) –Termination**

39. Dr. Barnea incorporates by reference paragraphs 1-24 of his

complaint as if fully set forth herein.

40. Dr. Barnea was born in December 1946, making Dr. Barnea seventy two (72) years old at the time of the discriminatory actions by the Defendant.

41. Dr. Barnea was qualified to perform his duties.

42. Dr. Zayas made derogatory comments towards Dr. Barnea including telling him he is "too old" to understand tasks.

43. The proffered reasons for the termination were factually false and pretextual for unlawful discrimination and retaliation.

44. The termination occurred because of his age and/or was tainted by age discrimiantion.

45. Defendant's actions constitute unlawful age discrimination in violation of ADEA causing Dr. Barnea damages.

### VIII. Count III: Violation of Title VII of the Civil Rights Act of 1964 based on retaliation –Termination

46. Dr. Barnea incorporates by reference paragraphs 1-24 of his complaint as if fully set forth herein.

47. Dr. Barnea engaged in protected activity and was a member of a protected class.

48. Dr. Barnea was qualified to perform his duties.

49. Dr. Barnea had met with the Chief and Vice Chief, Dr. Madi and Dr. Patel, in December 2017 to discuss the behavior of his supervisor, Dr. Zayas.

50. In January 2018, Dr. Barnea filed an EEO complaint against Dr. Zayas on the bases of sex discrimination, harassment and retaliation after Dr. Zayas downgraded his annual performance review when he refused to engaged in discriminatory activities against two males, Dr. Troyer and Dr. Casariego.

51. After Dr. Barnea reported Dr. Zayas' conduct to EEOC and the Chief of Staff and Deputy Chief of staff, they told him to "join the club" and nothing was done.

52. Dr. Zayas, Proposing Official tried to conceal her knowledge of the EEO activity by being vague about the timing, but the Deputy Chief of Staff confessed the Proposing Official had told him that Dr. Barnea's EEO activity had ruined her Christmas.

53. Only a few weeks later, Dr. Zayas sent Complainant a memorandum about his job duties which she followed up with the proposed removal a few months later.

54. Dr. Barnea was not put on notice that his job was in jeopardy.

55. The proffered reasons for the termination were factually false and pretextual for unlawful discrimination and retaliation.

56. The termination occurred because of Dr. Barnea's protected activity and/or was tainted by Dr. Barnea's protected activity.

57. Defendant's actions constitute unlawful retaliation in violation of Title VII causing Dr. Barnea damages.

**Prayer for Relief**

Wherefore, Dr. Barnea prays that this Court:

a. declare the conduct engaged in the Defendant to be in violation of his rights,

b. award Dr. Barnea back pay and actual damages,

c. award Dr. Barnea compensatory damages;

d. award Dr. Barnea costs and attorney's fees; and

e. grant such other relief as it may deem just and proper.

**Jury Demand**

Dr. Barnea requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 31st day of December 2020.

/s/ Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF