UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-82459

NERI B. BERNEA,

    Plaintiff,
v.

ROBERT WILKIE,
Secretary, Department of Veterans Affairs,,

    Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 28)

Defendant, Robert Wilkie, Secretary, Department of Veterans Affairs' moves to dismiss Plaintiff, Neri B. Bernea's ("Dr. Bernea"), Amended Complaint (ECF No. 25) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, it is RECOMMENDED that the Motion to Dismiss (ECF No. 28) be GRANTED in part and DENIED in part.

The Honorable Rodolfo Ruiz II referred the Defendant's Motion to Dismiss to me for a Report and Recommendation. ECF No. 43. I have reviewed the Amended Complaint (ECF No. 25), Defendant's Motion to Dismiss (ECF No. 28), Plaintiff's Response (ECF No. 35), and Defendant's Reply (ECF No. 42). This matter is now ripe for decision.

### I. FACTS ALLEGED IN THE PLEADINGS

In November 2013, Dr. Bernea began working as a full-time Psychiatrist Associate at the West Palm Beach VA Medical Center. *See* ECF No. 25 ¶¶ 7,10–11. Dr. Bernea's direct supervisor was Dr. Elsa Zayas, the Chief of Mental Health & Behavioral Science. *Id.* ¶12. Dr. Zayas made derogatory, age-based comments towards Dr. Bernea and Dr. Casaraiego. *Id.* ¶13. Dr. Casaraiego is a male doctor who practices under Dr. Bernea's supervision. *Id.* ¶¶ 13, 21. Both Dr. Bernea, who was 72 years old at the time of the incident, and Dr. Casaraiego are substantially over the age of forty years old. *Id.* ¶13. Dr. Zayas stated to Dr. Bernea that he is "too old" to understand tasks in a meeting with all the "managers." *Id.* ¶13. Dr. Zayas repeatedly made so-called jokes about the ages of Dr. Bernea and Dr. Casaraiego. *Id.* ¶16.

Dr. Bernea never witnessed Dr. Zayas making age related jokes about individuals under forty. *Id.* ¶17. In an affidavit completed on June 10, 2018, Dr. Zayas denied calling Dr. Bernea and Dr. Casaraiego old. *Id.* ¶18. Dr. Bernea alleges the affidavit shows consciousness of guilt. *Id.*

Dr. Zayas requested that Dr. Bernea lower the employment ratings of two older men under Dr. Bernea's supervision. *Id.* ¶21. "Upon information and belief," Dr. Zayas had no legitimate reason for lowering these ratings. *Id.* Dr. Zayas did not make similar requests regarding female employees or employees under the age of forty that were under Dr. Bernea's supervision. *Id.* ¶22.

Dr. Bernea contacted a federal EEO counselor on November 27, 2017. *Id.* ¶18. Dr. Zayas was aware of Dr. Bernea's protected activity. *Id.* Due to his interactions

with Dr. Zayas and opportunities to observe the same, Dr. Bernea reasonably believed that Dr. Zayas discriminated against him as well as two of Dr. Bernea's older subordinates based upon their age and gender. *Id.* ¶ 23.

In December 2017, Dr. Bernea met with the Chief of Staff and the Deputy Chief of Staff, Dr. Madi and Dr. Patel, to discuss Dr. Zayas' behavior. *Id.* ¶ 19. Dr. Bernea asked that Dr. Madi and Dr. Patel curtail Dr. Zayas' hostile and retaliatory behavior. *Id.* ¶ 20. The Chief of Staff and Deputy Chief of Staff then told Dr. Bernea to "join the club" and nothing was done. *Id.* at ¶ 24. The Chief of Staff and Deputy Chief of Staff failed to launch an investigation as is required by VA policy. *Id.*

Dr. Zayas stated to Dr. Bernea that his EEO activity "ruined her Christmas." *Id.* ¶ 29. Dr. Bernea believed that Dr. Zayas created a hostile work environment and gave him a lower performance review in retaliation against him. *Id.* ¶ 23.

In January, Dr. Bernea filed an EEO Complaint against Dr. Zayas on the bases of sex discrimination, harassment, and retaliation. *Id.* ¶ 27. On January 12, 2018, Dr. Zayas sent Dr. Bernea a memorandum regarding changes in his job duties, which "set up Dr. Bernea for failure." *Id.* ¶ 40–41.

On July 14, 2018, Dr. Bernea requested a hearing before an administrative judge of the EEOC regarding his formal discrimination complaint. *Id.* ¶ 42. The VA was aware of this protected activity. *Id.*

Dr. Zayas proposed that Dr. Bernea be terminated from the VA. *Id.* ¶ 44. On October 9, 2018, the Facility Director, Donna Katen-Bahensky, terminated Dr. Bernea's employment with the VA. *Id.* ¶ 50. The deciding official was aware of Dr.

3

Bernea's age, sex, and protected activity at the time she made the decision to remove Dr. Bernea. *Id* ¶ 49.

On November 16, 2018, Dr. Bernea made informal EEO contact regarding his claims. *Id.* ¶ 4. On January 2, 2019, Dr. Bernea filed a formal discrimination complaint regarding the claims in this case. *Id.* Dr. Bernea's claim is based upon his October 9, 2018, termination from the VA. *Id.* Dr. Bernea alleges that the termination was caused by or tainted by his age, gender, and/or protected activity. *Id.* at ¶ 76.

## II.     LEGAL CLAIMS AND APPLICABLE STANDARDS

1. *The Secretary's Arguments*

The Secretary argues that the Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for several reasons. Secretary argues that Count I (sex discrimination) should be dismissed because the Amended Complaint fails to allege well-plead facts to raise the inference that Dr. Bernea was treated less favorably than one or more similarly-situated employees outside of his protected class. The Secretary additionally asserts that the Amended Complaint fails to plausibly allege with non-conclusory factual allegations how or why his termination was due to his sex. The Secretary argues that Count II (age discrimination) should be dismissed because the Amended Complaint fails to allege direct evidence of age discrimination and fails to plausibly allege his age was the "but-for" cause of his termination. Finally, the Secretary argues that Count III (retaliation) should be dismissed because the Amended Complaint fails to plausibly state a causal connection between Dr. Bernea's protected activity and his termination.

2. *Dr. Bernea's Arguments*

Regarding Count I, Dr. Bernea argues that, under *Babb v. Sec'y, Dep't of Veterans Affairs,* 992 F.3d 1193, 1203 (11th Cir. 2021), he is not required to allege comparator evidence given the facts of the case. Regarding Count II, Dr. Bernea argues that his age being the "but for" cause of termination is not the proper standard under *Babb*. Dr. Bernea asserts that the Amended Complaint meets the proper standard. Regarding Count III, Dr. Bernea argues that the facts alleged in the Amended Complaint show it is plausible that his termination, or part of the decision to terminate him, was tainted by illegal factors.

3. *12(b)(6)*

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a claim must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.,* 534 U. S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pleaded factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570.

When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

4. *Discrimination and Retaliation Claims*

    a. Title VII Discrimination

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2. The requirements for establishing a prima facie case of sex discrimination in employment under Title VII has recently changed. *Malone v. U.S. Attorney Gen.*, No. 20-cv-12527, 2021 WL 2134850, at *4 (11th Cir. May 26, 2021). "After the Supreme Court decided that the phrase "free from any discrimination" in the Age Discrimination in Employment Act did not require plaintiffs to show that discrimination was the but-for cause of an adverse employment decision, [the Eleventh Circuit] held that the same reasoning applied to the identical text in 42 U.S.C. § 2000e-16(a)." *Malone*, 2021 WL 2134850, at *4. Thus, the Eleventh Circuit recognized that "a plaintiff no longer need show that his protected activity or status was the but–for cause of the adverse action to state a claim" for discrimination under Title VII. *Durr v. Sec'y, Dep't of Veterans Affs.*, 843 F. App'x 246, 247 (11th Cir. 2021). To state a claim, the Plaintiff must allege that "the protected characteristic is 'the but-for cause of *differential treatment.*'" *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1199 (11th Cir. 2021) (quoting *Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020)). For purposes of liability, it does not matter whether the protected characteristic is the "but-for cause of the *ultimate decision.*" *Id.*

Previously, federal employees had to show that the discrimination was the but-for cause of the adverse employment action. *Babb*, 992 F.3d at 1204. Plaintiffs demonstrated this fact utilizing the McDonnell Douglas framework. Under that framework, the plaintiff makes out a prima facie case of discrimination by showing that he: (1) was a member of a protected class; (2) his employer subjected him to an adverse employment action; (3) he was qualified to do the job; and (4) his employer treated him less favorably than similarly situated individuals outside his protected class. *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019). Alternatively, a plaintiff could show discrimination was the but-for cause of an adverse employment action though the convincing-mosaic test. "A 'convincing mosaic' may be shown by evidence that demonstrates, among other things, (1) 'suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn,' (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis II*, 934 F.3d at 1185 (alteration omitted) (quoting *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 734 (7th Cir. 2011)). "Because both the McDonnell Douglas framework and the convincing-mosaic test are methods of showing that the protected characteristic was the but-for cause of the *ultimate decision*, those tests no longer apply." *Durr*, 843 F. App'x 246, 247 (emphasis added). Instead, the plaintiff now need only show that the protected characteristic or activity "played a part in the way the decision was made, because an employment decision must be 'untainted by . . . discrimination.'" *Malone*, 2021 WL 2134850, at *4 (quoting *Babb*, 992 F.3d at 1199).

8

### b. ADEA Discrimination

The ADEA prohibits an employer from discriminating against an employee who is at least forty years of age on the basis of the employee's age. *See* 29 U.S.C. §§ 623(a)(1), 631(a). According to the ADEA, "[a]ll personnel actions affecting employees . . . who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). "In *Babb*, the Supreme Court held that the 'free from any discrimination' language means that personnel actions must be made in 'a way that is not tainted by differential treatment based on' a protected characteristic." *Babb*, 992 F.3d at 1199 (quoting *Babb v. Wilkie*, 140 S. Ct. at 1174). Personnel actions include "most employment-related decisions, such as appointment, promotion, work assignment, compensation, and performance reviews." *Id*. "[T]he statute does not require proof that an employment decision would have turned out differently if age had not been taken into account." *Babb*, 140 S. Ct. at 1174. In other words, the statute "does not require that age discrimination be the but-for cause of an adverse personnel decision." *Babb*, 992 F.3d at 1199.

In *Babb*, the United States Supreme Court expressly clarified that "age must be the but-for cause of differential treatment, not that age must be a but-for cause of the ultimate decision." *Babb*, 140 S. Ct. at 1174. As a result of the Supreme Court's decision, the McDonnell Douglas framework and the convincing-mosaic test no longer apply because both of those tests are used to determine the but-for cause of the ultimate decision. *Babb*, 992 F.3d at 1204 (citing *Babb v. Wilkie*, 140 S. Ct. at 1172).

9

As with sex discrimination cases under Title VII, to withstand a motion to dismiss, a plaintiff asserting discrimination under the ADEA must allege that age "is 'the but-for cause of *differential treatment*.'" *Babb*, 992 F.3d at 1205. For purposes of liability, it does not matter that the protected characteristic is not a "but-for cause of the *ultimate decision*." *Id.*

    c. <u>Title VII Retaliation</u>

Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "The Act does not protect against all retaliation, but only retaliation that produces injury or harm." *Kavanaugh v. Miami-Dade Cty.*, 775 F. Supp. 2d 1361, 1367 (S.D. Fla. 2011) (J. Turnoff) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66 (2006)).

To establish a prima face case of retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *See Adams v. City of Montgomery*, 569 Fed. Appx. 769, 772 (11th Cir. 2014).

### III.  DISCUSSION

1. *Count I: Sex Discrimination under Title VII*

The Secretary does not dispute that Dr. Bernea was a member of a protected class, that he was qualified for the job, or that he suffered an adverse employment action. Rather, the Secretary argues that Dr. Bernea failed to allege that there was a valid comparator to satisfy the fourth prong of Title VII. Additionally, the Secretary asserts that Dr. Bernea has failed to allege how or why his gender was the but-for cause of his termination.

Here, the Amended Complaint alleges that Dr. Bernea is male, his supervisor is female, and he was fired nine months after he filed a formal EEO complaint. The Amended Complaint does not allege that Dr. Bernea was treated less favorably than one or more similarly-situated employees; however, this is no longer necessary to withstand a Motion to Dismiss. See *Malone*, 2021 WL 2134850, at *4 ("McDonnell Douglas framework no longer applies to claims brought under 42 U.S.C. § 2000e-16(a)"). Instead, the plaintiff need only allege facts indicating that the protected characteristic or activity (in this case, his gender) "played a part in the way the decision was made, because an employment decision must be 'untainted by . . . discrimination.'" *Id*. (quoting *Babb*, 992 F.3d at 1199).

The Amended Complaint does not contain enough facts to plausibly allege that Dr. Bernea's termination was tainted by differential treatment based upon his gender. Including in the Amended Complaint the conclusory statement that "the termination occurred because of sex and/or was tainted by sex discrimination" (ECF

No. 25 at ¶ 86) is not enough to plausibly state a claim. *See Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U. S. at 678 (While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."). In other words, the Amended Complaint does not include sufficient facts entitled to the assumption of truth to plausibly allege that the VA's treatment of Dr. Bernea was in any way tainted or influenced by the fact that Dr. Bernea is male. *See Malone*, 2021 WL 2134850, at *4. ("Malone need not have shown that being white was the but-for cause of [his employer]'s decision to promote non-white candidates instead of him. But he does still need to show that the decision was in some way tainted by race discrimination."). Without alleging facts indicating that Dr. Bernea's termination was tainted by differential treatment based upon his gender, the Amended Complaint cannot, under the new standard set forth in *Babb*, state a claim for sex discrimination under Title VII. For this reason, the Secretary's Motion to Dismiss should be GRANTED as to Count I.

2. *Count II: Age Discrimination under ADEA*

For this claim, the Secretary does not dispute that Dr. Bernea was a member of a protected class, that he was qualified for the job, or that he suffered an adverse employment action. The Secretary argues that Dr. Bernea's allegation that Dr. Zayas stated he was "too old" to understand tasks at a managers meeting is insufficient to establish direct evidence of discrimination. The Secretary additionally alleges that Dr. Bernea failed to provide sufficient circumstantial evidence because the Amended Complaint does not allege Dr. Bernea was treated substantially differently than

12

similarly situated employees outside his protected class. Finally, the Secretary argues that, under the standard outlined in *Babb*, the Amended Complaint fails to factually allege in a non-conclusory manner that Dr. Bernea's termination was "tainted by differential treatment based on" his age.

The Secretary is correct that, according to *Babb*, this Court is tasked with determining whether the Amended Complaint sufficiently alleges that Dr. Bernea's termination was tainted by differential treatment based upon his age. *Babb*, 992 F.3d at 1199. Dr. Bernea's allegation that Dr. Zayas stated he was "too old" to understand tasks at a managers meeting is insufficient to establish *direct* evidence of discrimination because the allegation requires the Court to infer that this meeting was related to Dr. Bernea's subsequent treatment and termination. *Hicks-Washington*, 803 F. App'x at 302. However, the Amended Complaint sufficiently alleges *circumstantial* evidence that Dr. Bernea's termination may have been tainted by his age. *See Burrell,* 125 F.3d at 1393–94. Dr. Zayas stated that Dr. Bernea's age affected his ability to complete tasks. ECF No. 25 ¶ 13. Subsequently, Dr. Zayas recommended Dr. Bernea's termination to the deciding officer. Id. ¶ 44. Viewed in the light most favorable to the Plaintiff, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555. Viewed in this manner, these facts state a connection between Dr. Zayas' comments regarding Dr. Bernea's age and Dr. Zayas' recommendation of Dr. Bernea's termination to the deciding official. Together, Paragraphs 13, 91 and 95 of the Amended Complaint

sufficiently allege that Dr. Bernea's termination was tainted by differential treatment based upon his age. ECF No. 25. For these reasons, The Secretary's Motion to Dismiss should be DENIED as to Count II.[1]

3. *Count III: Retaliation*

Regarding this claim, the Secretary does not dispute that Dr. Bernea was engaged in statutorily protected activity (reporting to the EEOC) or that Dr. Bernea suffered materially adverse employment actions (a memorandum changing his duties, a down-graded performance review and termination). Rather, the Secretary argues that the Amended Complaint fails to allege that there is a causal connection between the protected activity and the adverse employment actions.

To demonstrate a causal connection, "a plaintiff merely has to prove that the protected activity and the [adverse] employment action are not completely unrelated." *Goldsmith*, 513 F.3d at 1278. The protected activity and adverse employment action are not completely unrelated when the employer knows of the protected activity at the time of the negative employment action. *Id.* Causation may alternatively be inferred by showing close temporal proximity between the protected activity and the adverse employment action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

---

[1] The Secretary's Motion to Dismiss (ECF No. 28) and Reply (ECF No. 42) fail to provide the Court with argument on how "under the standard outlined in *Babb*, the allegations in Plaintiff's Amended Complaint fail to factually allege in a non-conclusory fashion that Plaintiff's termination was 'tainted by differential treatment based on' his age." ECF No. 42 at 5. Additionally, the case law cited by the Secretary does not reflect the Supreme Court and Eleventh Circuit's recent changes in causation and pleading standards.

14

The Amended Complaint alleges that Dr. Bernea engaged in a protected activity (¶¶ 100, 103, 104) and that Dr. Zayas was aware of such activity (¶ 40, 60, 75). Dr. Zayas subsequently changed Dr. Bernea's job duties (¶ 41), downgraded Dr. Bernea's performance review (¶104), and later recommended Dr. Bernea's termination (¶¶ 44, 107). Paragraph 75 of the Amended Complaint specifically alleges that Dr. Zayas was aware of the protected activity and stated it "ruined her Christmas". Shortly after this comment, Dr. Zayas issued a memorandum changing Dr. Bernea's duties in a manner that "set Dr. Bernea up for failure." *Id.* ¶ 41. Together, paragraphs 44, 60, 75, 100, 103–104, and 107 of the Amended Complaint sufficiently allege that Dr. Zayas was aware of the protected activity at the time the adverse employment actions against Dr. Bernea occurred. Viewed in the light most favorable to the Plaintiff, "the protected activity and the [adverse] employment action are not completely unrelated." *Goldsmith*, 513 F.3d at 1278.

Having factually alleged that Dr. Zayas was aware of Dr. Bernea's protected activity, the Amended Complaint sufficiently alleges causation. The Secretary's arguments regarding the third element of causation and close temporal proximity are not applicable to the Court's analysis, because the Amended Complaint alleged causation through Dr. Zayas' awareness of the protected activity. *See Goldsmith*, 513 F.3d at 1278; *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir.2007).

For the reasons, the Secretary's Motion to Dismiss should be DENIED as to Count III.

## IV. LEAVE TO AMEND

The Court must next consider whether to grant Dr. Bernea leave to amend Count I the Amended Complaint. Federal Rule of Civil Procedure 15 states that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, a plaintiff must be given at least one opportunity to amend a complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "After a plaintiff's first opportunity to amend, leave for additional amendments may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previous allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.'" *In Re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924-RLR, 2021 WL 2865869, at * 23 (S.D. Fla. July 8, 2021) (J. Rosenberg) (citing *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005)). Denial of leave to amend is justified by futility when the complaint as amended would still be subject to dismissal. *See, e. g., Christman v. Walsh*, 416 Fed. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning the amended complaint would not survive a motion to dismiss.").

Dr. Bernea should be granted leave to file a Second Amended Complaint. Permitting a Second Amended Complaint would not be futile, nor has there been a showing of undue delay, bad faith, or repeated failure to cure errors. Also, the Secretary has not articulated undue prejudice from allowing an amended pleading.

16

Therefore, I recommend that Count I be DISMISSED WITHOUT PREJUDICE, and Dr. Bernea be granted one final opportunity to amend.

Although the Court recommends that Dr. Bernea be given one more opportunity to amend his pleading, Dr. Bernea is cautioned not to repeat past errors. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("Implicit in [permitting] a repleading . . . is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)). In amending Count I, Dr. Bernea must allege specific facts to sufficiently allege that the memorandum changing his duties, the down-graded performance review, and/or his termination were tainted by his gender instead of just his age.

## V. RECOMMENDATION

For the foregoing reasons, Defendant, Denis McDonough, Secretary, Department of Veterans Affairs' Motion to Dismiss (ECF No. 28) should be **GRANTED** in part and **DENIED** in part.

1. As to Count I of Plaintiff's Amended Complaint, Defendant's Motion to Dismiss should be **GRANTED**, and Count I should be **DISMISSED WITHOUT PREJUDICE.**

2. As to Counts II and III in Plaintiff's Amended Complaint, Defendant's Motion to Dismiss should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo Ruiz II, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE** and **ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 7th day of December 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE