UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-82459-RAR

**NERI BARNEA**,

    Plaintiff,

v.

**ROBERT WILKIE**,
*Secretary, Department of Veterans Affairs*,

    Defendant.

_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation [ECF No. 50] ("Report"), entered on December 7, 2021. The Report recommends that the Court grant in part and deny in part Defendant's Motion to Dismiss [ECF No. 28]. Report at 1. Defendant filed objections to the Report on December 21, 2021 [ECF No. 51] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Bruce E. Reinhart's legal and factual findings.

Defendant makes two primary objections to the Report. First, Defendant seeks to clarify that the only materially adverse employment action that Defendant does not dispute is Plaintiff's termination. Objections at 3. And second, that Plaintiff has failed to allege close temporal proximity regarding Dr. Zaya's awareness of Plaintiff's protected activity and an adverse employment action. *Id*. at 6.

As a threshold matter, the Court takes note of Defendant's first objection for purposes of clarifying the record. Objections at 3. However, to the extent Defendant asserts that the down-graded performance review cannot be considered an adverse employment action for purposes of Plaintiff's retaliation claim, this Court disagrees. *Id*. at 5. Defendant appears to argue that Plaintiff's down-graded performance review occurred prior to Plaintiff's first protected EEO activity in January 2018. *Id*. In making this argument, Defendant fails to acknowledge that Plaintiff's first protected EEO activity took place on or around November 27, 2017—when Plaintiff first contacted a federal EEO counselor—a fact Plaintiff alleges that Defendant was aware of. Am. Comp. ¶¶ 18, 29. Though not explicitly stated, upon viewing Plaintiff's factual allegations in the light most favorable to the non-moving party, *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016), it appears that Plaintiff's down-graded performance review occurred between November 27, 2017 and January of 2018. *Id.* ¶¶ 18-27.

Second, contrary to Defendant's assertions, close temporal proximity exists between Plaintiff's protected activity and at least one adverse employment action. While Defendant would have this Court believe that there was an 11-month gap between Plaintiff's protected EEO activity in November 2017 and his removal, Defendant seems to have forgotten all of the protected EEO activity occurring between November 2017 and October 2018—notably, Plaintiff's escalation of his formal complaint and request for hearing on July 14, 2018. Objections at 7. Just two months, or approximately 8 weeks later, on September 12, 2018, Dr. Zayas proposed Plaintiff's termination. *See Farley v. Nationwide Insurance Mut. Ins. Co*., 197 F. 3d 1322, 1337 (11th Cir. 1999) (finding that seven weeks between a protected EEO activity and an adverse employment action was close temporal proximity).

In sum, having carefully reviewed the Amended Complaint [ECF No. 25], Defendant's Motion to Dismiss [ECF No. 28], Plaintiff's Opposition to Defendant's Motion to Dismiss [ECF

No. 35], Defendant's Reply to Plaintiff's Opposition [ECF No. 42], the Report, the Objections, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 50] is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss [ECF No. 28] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. As to Count I of Plaintiff's Amended Complaint, Defendant's Motion to Dismiss is **GRANTED**, and Count I is **DISMISSED** *without prejudice* **with leave to amend** to allow Plaintiff to allege specific facts to sufficiently allege that the memorandum changing his job duties, the down-graded performance review, and/or his termination were tainted by his gender instead of just his age.

    b. As to Counts II and III in Plaintiff's Amended Complaint, Defendant's Motion to Dismiss is **DENIED**.

3. Plaintiff shall file a Second Amended Complaint in conformance with this Order on or before **January 20, 2022**.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 7th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**